```
                   UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 7
WILLIAM A. DEBROWER,            )
LINDA S. DEBROWER,              )   Bankruptcy No. 06-01241
                                )
     Debtors.                   )
                                )
_____)
LINDA S. DEBROWER,              )
                                )   Adversary No. 07-09002
     Plaintiff,                 )
                                )
vs.                             )
                                )
PENNSYLVANIA HIGHER EDUCATION   )
ASSISTANCE AGENCY,              )
                                )
     Defendant,                 )
                                )
EDUCATIONAL CREDIT              )
MANAGEMENT CORP.,               )
                                )
     Intervenor/Defendant.      )
```

**ORDER RE: COMPLAINT TO DETERMINE
DISCHARGEABILITY OF STUDENT LOANS**

This matter came before the undersigned for trial on April 17, 2008. Debtor Linda S. DeBrower appeared with Attorney Steven Klesner. Defendant Educational Credit Management Corp. ("ECMC") was represented by Attorney Matthew Cronin. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Debtor seeks an undue hardship discharge of student loans under § 523(a)(8). ECMC asserts Debtor is able to pay the student loan without suffering undue hardship.

**FINDINGS OF FACT**

Debtor Linda DeBrower borrowed approximately $19,000 to attend Kirkwood Community College between 1991 and 1995, studying Equine Science. Debtor testified that she made some payments when she was able and had received forbearances or deferments. The total student loan debt has now risen to approximately $48,000 including interest.

Debtor was unable to complete her studies at Kirkwood because of a serious car/train accident in which she broke both hips.  Debtor testified that she still has pain from the accident, especially when running or standing for long periods.  These injuries, however, do not prevent her from working.  Debtor also takes medication for a thyroid condition and for epilepsy.  She testified that she has not had a seizure for more than 10 years.

Starting in 1998, Debtor and her husband William DeBrower ran a convenience store business for several years until they closed it in 2006.  During much of that time, Debtor worked full-time for the business without receiving a wage.  Between 2000 and 2005, Debtors reported annual net business income of between $20,000 and $30,000.  For the last two years, Debtor has been working as the donut person at a Casey's convenience store, earning approximately $20,000 per year.  Mr. DeBrower works as a dealer at Riverside Casino, earning approximately $32,000 per year.

Debtors live on a small acreage near Tiffin, Iowa.  One of their adult daughters lives with them.  Debtors' home is in foreclosure and they will need to find new living accommodations.  They have not paid a mortgage payment for more than a year.  Without paying for housing, Debtors' monthly expenses average approximately $3,100.  Their net monthly income is approximately $3,550.  Debtors are both close to 50 years old.

## MOTION IN LIMINE

ECMC filed a Motion in Limine, asking the Court to exclude any testimony regarding opinions or advice of treating physicians or which would require medical knowledge, experience or expertise.  Debtor did not disclose any experts or treating physicians to be called at trial.  ECMC does not object to admissibility of medical records or Debtor's testimony regarding how her condition affects her daily life.  The Court granted ECMC's Motion in Limine at the trial to the extent that Debtor should not elicit expert testimony from her witnesses.  Thereafter, ECMC did not raise any objections to specific testimony.

## CONCLUSIONS OF LAW

Student loan debts are not discharged in bankruptcy "unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents."  11 U.S.C. § 523(a)(8).  Debtor must prove the existence of undue hardship by a preponderance of the evidence.  In re Cheney, 280 B.R. 648, 659 (N.D. Iowa 2002).

"Undue hardship" requires examination of the totality of circumstances. In re Reynolds, 425 F.3d 526, 532 (8th Cir. 2005).

> In evaluating the totality-of-the-circumstances, our bankruptcy . . . courts should consider: (1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case. Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt - while still allowing for a minimal standard of living - then the debt should not be discharged.

In re Long, 322 F.3d 549, 554 (8th Cir. 2003) (citations omitted). The first factor "will require a special consideration of the debtor's present employment and financial situation - including assets, expenses, and earnings - along with the prospect of future changes - positive or adverse - in the debtor's financial position." Id.; In re Nelson, 343 B.R. 919, 922 (Bankr. S.D. Iowa 2006) (Kilburg, J.).

The second factor, concerning debtor's living expenses, requires a determination of what expenses are "reasonable and necessary." In re Long, 292 B.R. 635, 638 (B.A.P. 8th Cir. 2003) (on remand from 8th Circuit). To be reasonable and necessary, expenses must be modest and commensurate with the debtor's resources. In re Meling, 263 B.R. 275, 279 (Bankr. N.D. Iowa 2001), aff'd, 2002 WL 32107248 (N.D. Iowa 2002).

Other relevant factors and circumstances of each individual bankruptcy case may include: (1) the debtor's good faith effort to repay the loan, or a debtor's bad faith in non-repayment, (2) whether the debtor has made a good faith effort to obtain employment, maximize income, and minimize expenses, and (3) whether the debtor is suffering truly severe, even uniquely difficult financial circumstances, not merely severe financial difficulty. Faktor v. United States, 306 B.R. 256, 264 (Bankr. N.D. Iowa 2004); In re Wilson, 270 B.R. 290, 294 (Bankr. N.D. Iowa 2001). The availability of an "Income Contingent Repayment Plan" ("ICRP") is but one factor to be considered. In re Lee, 352 B.R. 91, 95 (B.A.P. 8th Cir. 2006). Generally, the Court can include the non-borrower spouse's income in its undue hardship analysis. In re Cumberworth, 347 B.R. 652, 657 (B.A.P. 8th Cir. 2006).

Debtors must satisfy, by a preponderance of the evidence, the "certainty of hopelessness" required to overcome the

§ 523(a)(8) exception from discharge for student loans. <u>In re Mulherin</u>, 297 B.R. 559, 556 (Bankr. N.D. Iowa 2003), citing <u>In re Meling</u>, No. 01-2027, 2002 WL 32107248, at *5 (N.D. Iowa Jan. 22, 2002) (Melloy, J.). The standard for discharge of student loan obligations has intentionally been set at a very high level. <u>Mulherin</u>, 297 B.R. at 566.

**ANALYSIS**

Based on the foregoing, the Court concludes that Debtor is not entitled to an "undue hardship" discharge of her student loans under § 523(a)(8). Debtor and her husband earn a modest income and have reasonable expenses. Although their convenience store business was not a success, both Debtors have steady jobs. The record contains no specific evidence regarding Debtor's history of paying on the student loans, although she stated she made payments when she could.

Debtor's financial circumstances are not truly severe or even uniquely difficult. She has some medical problems. While her injuries were severe at the time they occurred, Debtor has made a significant recovery and the past injuries do not prevent her from working. The circumstances fail to support a finding that there is a certainty of hopelessness in Debtors' financial situation. Debtors are both gainfully employed and can expect to remain employed for many years. While their lifestyle is presently modest, their earnings are not insignificant. In summary, the Court finds that Debtor has failed to meet the high standard of proof required to discharge her student loans for undue hardship under § 523(a)(8).

**WHEREFORE**, Debtor's Complaint to Determine Dischargeability of Student Loans is DENIED.

**FURTHER**, Debtor Linda S. DeBrower's student loans are not discharged under § 523(a)(8).

**FURTHER**, judgment shall enter accordingly.

DATED AND ENTERED: MAY 9, 2008

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE